(82 Misc. Rep. 398.)

### PHILLIPS v. HUDSON FILM CO. et al.

(Supreme Court, Appellate Term, First Department.   October 23, 1913.)

1. CONTEMPT (§ 58*)—PROCEEDINGS—MATTERS RESPONDENT IS BOUND TO ANSWER.

> Where the order to show cause why the respondent should not be punished for contempt for violating a stipulation made in the City Court did not charge the violation of any verbal directions of the City Court justice, respondent need not make any answer to the violation of such directions.

> [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 169–175;  Dec. Dig. § 58.*]

2. CONTEMPT (§ 21*)—POWER OF PUNISHMENT—AUTHORITY OF INFERIOR COURT.

> Where the Supreme Court found that the appointment of a receiver by the City Court was fraudulent as to appellant, and directed that the receiver should hold all moneys in his possession as trustee for appellant, the City Court cannot, by giving verbal directions to appellant as to his conduct in the cause in the Supreme Court, control the proceedings in that court, and punish appellant for contempt in disregarding such directions, for, even if a justice's recollection of his directions to an attorney cannot be reviewed or questioned in another tribunal, a court cannot extend its jurisdiction by means of such direction, so as to review the judgment of a higher court.

> [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 34, 63–66;  Dec. Dig. § 21.*]

Appeal from City Court of New York, Special Term.

Action by Mark Phillips against the Hudson Film Company, in which Milton J. Gordon intervened. From an order of the City Court, punishing the intervener for contempt of court, he appeals. Order reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The City Court appointed a receiver for the defendant Film Company under a judgment obtained by confession, which judgment was held by the Supreme Court to be fraudulent as to the intervener, and the receiver directed to hold the money in his possession in trust for the intervener.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Milton J. Gordon, of New York City, for appellant.

Henry S. Mansfield, of New York City, for respondent.

GUY, J. The alleged contempt of appellant charged in the final order herein is that the appellant disregarded his alleged stipulation in open court not to apply to the Supreme Court for a stay of certain proceedings commenced in the City Court by a City Court receiver, which the Special Term of the Supreme Court held were in disregard of its final judgment in an action there pending, to which the City Court receiver was a party, and that appellant also disregarded the verbal direction of a City Court justice directing appellant not to apply for any Supreme Court stay of the City Court receiver's proceedings. A $50 fine was imposed therefor.

[1] The order to show cause why appellant should not be punished for contempt set forth only the appellant's alleged stipulation in open court and its alleged violation, and said nothing about any City Court justice's verbal direction in amplification thereof. The moving affidavit set forth only the alleged stipulation and its alleged violation. The appellant denies the alleged stipulation, but admits making a different stipulation, which he insists he complied with in all respects. He was not formally charged with, and therefore was not required to affirm or deny, the violation of any verbal direction of the City Court justice. In its order the court found him guilty on both grounds. The proof is insufficient to show that he consciously disregarded any stipulation.

[2] Even if, as contended by respondent, a justice's recollection of his directions to an attorney cannot be reviewed or questioned by any other tribunal, and following the rule that a person who, after any court has decided to restrain the doing of an act, does the act with notice, either actual or constructive, of its unformulated, because unwritten, decision, is guilty of a contempt, where the court acted within its powers (People ex rel. Platt v. Rice, 144 N. Y. 250, 260, 261, 39 N. E. 88), it is clear that the City Court had no power to restrain proceedings in the Supreme Court to enforce the judgment of the latter court in an action to which a City Court receiver was a party. This would, in effect, establish a system of appeals to the City Court from judgments of the higher court, which our system of judicial procedure does not contemplate.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.